FILED
SUPERIOR COURT
OF GUAM

2025 JAN 24 AM 9: 17

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SAING KUI KIM,<br><br>Plaintiff,<br><br>vs.<br><br>JAEUN KATHY YU,<br><br>Defendant. | DOMESTIC CASE NO. **DM0472-18**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 31, 2024, for hearing on Defendant Jaeun Kathy Yu's ("Defendant") Motion for an Order Awarding SK Property to Defendant. Present were Defendant with counsel, Daron J. Berman, and Plaintiff Saing Kui Kim ("Plaintiff") with counsel, Christine C. Arriola. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On July 20, 2023, the Court issued its Findings of Fact and Conclusions of Law after twenty days of trial, ultimately dissolving the parties' marriage based on irreconcilable differences and distributing property and debt to the parties accordingly. *See generally,* Findings of Fact and Conclusions of Law ("FFCL"), Jul. 20, 2023. At issue in the instant Motion is the SK Property located in Barrigada. The Court previously determined the SK Building was community property and distributed the value equally between the parties. (FFCL at 33 ¶ 28). The Court deducted the Bank of Guam loan share reimbursement owed to Plaintiff by Defendant

from the value of Defendant's share of the SK Building. *Id.* The Court gave Plaintiff the opportunity to buy out Defendant's share of the SK Building within a year of the issuance of the Findings of Fact and Conclusions of Law. *Id.* at ¶ 29. The Court indicated that if Plaintiff did not procure Defendant's share by that time, Defendant would have the opportunity to purchase Plaintiff's share at the current appraisal market value. *Id.*

Subsequently, both parties filed motions for the Court to reconsider the Findings of Fact and Conclusions of Law. *See* Plt. Mot. Reconsider, Aug. 28, 2023; Deft. Mot. Reconsider, Mar. 18, 2024.[1] The Court denied Plaintiff's Motion for Reconsideration on January 8, 2024 and Defendant's Motion for Reconsideration on August 22, 2024. *See* Dec. & Order, Jan. 8, 2024; Dec. & Order, Aug. 22, 2024. The Court reserved, however, on the portion of Defendant's Motion that requested an updated accounting. *See* Dec. & Order, Aug. 22, 2024.

On July 31, 2024, prior to the Court issuing its Decision on her Motion for Reconsideration, Defendant filed a Motion for an Order Awarding SK Property to Defendant. On August 27, 2024, Plaintiff filed his Opposition and a Cross-Motion for Clarification. On September 10, 2024, Defendant filed her Reply to Plaintiff's Opposition and Response to Plaintiff's Cross-Motion for Clarification.

On October 31, 2024, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

### I. Defendant's Motion to Award her SK Property

Defendant moves the Court to award her with the SK Property and to offset the $220,000 appraised value against the money judgment amount requested in Defendant's March 18, 2024 Motion. (Mot. at 2, Jul. 31, 2024). Defendant sets forth that "[a]s of the date of this Motion, Plaintiff has not bought out the Defendant's community property interest in the SK Property. Neither Plaintiff or his counsel contacted the Defendant or her counsel to advise them of the Plaintiff's intent to purchase the SK Property since the FFCL was entered." *Id. See also* Decl.

---

[1] Plaintiff's Opposition to Defendant's March 18, 2024 Motion for Reconsideration also included a Cross-Motion for Reconsideration which was denied by the Court. *See* Opp'n, Apr. 12, 2024; Dec. & Order at 6, Aug. 22, 2024.

of Daron J. Berman ¶ 2, Jul. 31, 2024. Plaintiff opposes, arguing that "there were motions for reconsideration filed by both parties in the interim that, depending on the Court's decision, would affect the distribution of assets and debts, and ultimately Defendant KATHY's share in the SK Property." (Opp'n at 2, Aug. 27, 2024). In Reply, Defendant argues that Plaintiff "failed to provide any explanation whatsoever . . . as to why he did not take any steps or make any necessary arrangements to purchase the SK Property from Ms. Yu." (Reply at 3, Sept. 10, 2024). Defendant further requests that Plaintiff's "debt ($234,031.88) be offset against the value of the community property interest ($220,000)." *Id.* at 4.

The Court acknowledges that there has been motion practice since the issuance of its Findings of Facts and Conclusions of Law on July 20, 2023. Both parties filed motions for reconsideration for the Court to consider. The Court further notes that it was restated at the October 31, 2024 hearing that Plaintiff intended on purchasing Defendant's share of the SK Property. *See* Digital Recording at 2:26:23, Oct. 31, 2024 ("Now at this juncture with no other motions pending, my client assures the Court of his intent to buy out Defendant's SK interests."). Accordingly, the Court will give Plaintiff an additional nine (9) months to do so. Plaintiff shall immediately begin to take steps to purchase the property. This may include, for example, applying for financing or setting up a payment plan. Failure to take *any* action within the first three (3) months following the issuance of this Decision and Order may result in the Court's reconsideration of its Decision. Accordingly, the Court denies Defendant's Motion for an Order Awarding SK Property to Defendant.

## II. Plaintiff's Cross-Motion for Clarification

Within his Opposition to Defendant's Motion, Plaintiff also brings forth a Cross-Motion for Clarification. Plaintiff indicates "clarification is needed as to the equitable distribution of the Coast 360 debt and whether Plaintiff KIM is liable for the remaining balance of the loan that which only Defendant KATHY has benefited from and not the community." (Opp'n at 3). Plaintiff also seeks clarification as to "the true and current value of the MTM lot" because the Court "excluded the entire value of the MTM Building of which at least half of its structure sits on the MTM lot." *Id.* Defendant argues in opposition that Plaintiff is seeking "'clarification' on

well settled issues in this matter, specifically when the Coast 360 debt was incurred by the parties and how it was used during their marriage" and that he is continuing to relitigate the MTM Property issue "in order to receive a larger interest." (Reply at 1-2).

Relevant to this issue are the following facts:

39. Defendant testified that when she purchased the MTM Building and lot, the property owners indicated they were not ready to sell the adjacent properties (Lot 1116-1B-R1 and Lot 1116-1B-B-1) but that she could lease them until they were ready to sell. Defendant entered into a thirty (30) year lease for the two lots. Defendant paid $800.00 per month for the lease prior to purchasing the properties in July 2012 for $250,000.00.

* * *

61. In July 2012, the parties incurred a $600,000.00 mortgage loan from Coast 360. The entire MTM property was mortgaged. The monthly payment on the loan was $4,212.50. The term was 120 months or 10 years. The promissory note was signed by Defendant, and consented to by Plaintiff.

62. The Coast 360 loan was used to pay off the $250,000.00 Bank of Guam loan received to get the Agat Property.

63. Defendant testified that the remaining amount of the Coast 360 loan was used to purchase machines for SK Laundromat.

64. Plaintiff testified that money generated from both businesses was used to pay the Coast 360 loan.

(FFCL at 7; 9-10). The Court did not make any finding that any portion of the loan was solely for the benefit of Defendant. Further, as previously noted in its January 8, 2024 Decision and Order, the Court "did not make a finding that the Coast 360 loan was used to repair and maintain the MTM Building." (Dec. & Order at 5, Jan. 8, 2024). Accordingly, the Court continues to find that the Coast 360 loan is community debt, which both parties are equally liable for. As to Plaintiff's request for clarification regarding the value of the MTM Lot, the Court notes the values of the MTM Building and the land set forth in the Findings of Fact and Conclusions of Law were derived from the appraisal conducted on September 30, 2022 by Cornerstone Valuation Guam, Inc. *See* FFCL at 9 ¶ 54 ("According to the Appraisal Report, the MTM Building currently generates $14,400.00 a month through rental agreements. The fee simple market value conclusion

as of September 27, 2022 is $1,780,000.00 and the fee simple land value $384,000.00. The value of the MTM Building itself is $1,342,000.00."). The Court does not find it necessary to address the values any further. Accordingly, the Court denies Plaintiff's Cross-Motion for Clarification.

**III. Defendant's Motion for an Updated Accounting & Money Judgment**

Lastly, the Court turns to the portion of Defendant's Motion for Reconsideration and for Enforcement of Findings of Fact and Conclusions of Law filed March 18, 2024 regarding her request for an updated accounting and a money judgment. Defendant moved the Court for an "updated accounting in order to determine each party's respective property interest and obligations." (Mot. Reconsideration at 4, Mar. 18, 2024). Defendant requested:

> the Court order the Plaintiff to pay for his share of the community debt. If Plaintiff is unable to pay for his share of his community debt with his community property interests, then Ms. Yu is requesting that the Court convey to her all community property and all community debt associated with this matter. Or, in the alternative, Ms. Yu requests that the court enter a money judgment against the Plaintiff so that Ms. Yu can pursue all available legal remedies under Guam law against him.

*Id.* at 4-5. The Court reserved on this portion of the Motion in its August 2024 Decision and Order, finding that it should be addressed with the instant Motion as Defendant also requested that the $220,000 community property interest in the SK Property be offset against money owed to her by the Plaintiff. (Dec. & Order at 5, Aug. 22, 2024).

In its Findings of Fact and Conclusions of Law, the Court determined the following debts to be community debt: (1) the Townhouse Debt (paid off prior to the end of trial by Defendant); (2) the Coast 360 loan (to which Defendant had been making monthly payments of $4,212.50 at the time of trial and completed payment at some point after trial); and (3) the 2018 Bank of Guam loan (to which Plaintiff had been making monthly payments of $1,988.00 at the time of trial). (FFCL at 30-31). In light of the significant amount of time that has passed since this matter went to trial, the Court finds it appropriate for the parties to submit updated accounting regarding the two community debts that were still outstanding at that time, to wit, the Coast 360 loan and the Bank of Guam loan. The Court orders the parties to submit updated accounting regarding payments to and the current balances, if any, of these two loans by **February 28, 2025**. The Court

reserves on the issuance of any money judgment until it receives an updated accounting from both parties.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for an Order Awarding SK Property to Defendant. The Court will give Plaintiff an additional nine (9) months to purchase Defendant's share of the SK Property and shall immediately begin taking steps to purchase the property. The Court DENIES Plaintiff's Cross-Motion for Clarification. The Court GRANTS the portion of Defendant's March 18, 2024 Motion for Reconsideration and for Enforcement of Findings of Fact and Conclusions of Law requesting an updated accounting. The Court orders the parties to submit updated accounting regarding payments to and the current balances, if any, of the parties' community debts (i.e., the Coast 360 loan and the Bank of Guam loan) by **February 28, 2025.** The Court reserves on the issuance of any money judgment until it receives the parties' updated accounting.

**IT IS SO ORDERED** this 24th day of January, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam